**Henry L. HENCE, Jr., Petitioner,**

v.

**David SMITH, Warden, Respondent.**

**Civil Action No. 97–40461.**

United States District Court,
E.D. Michigan,
Southern Division.

April 22, 1999.

Henry Lee Hence, Jr, Adrian, MI, pro se.

Vincent J. Leone, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

### ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY, DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION FOR RECUSAL, AND DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

GADOLA, District Judge.

On February 10, 1999, this Court issued an opinion and order denying petitioner Henry L. Hence Jr.'s application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Hence v. Smith, 37 F.Supp.2d 970 (E.D.Mich.1999). A judgment was entered in accordance with said opinion on the same day. Petitioner has now filed several post-judgment motions. On March 30, 1999, petitioner filed a motion for certificate of appealability and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] On March 11, 1999, petitioner submitted a motion for recusal. On March 3, 1999, petitioner filed a motion to alter or amend judgment pursuant to Fed. R.Civ.Proc. 59(e). For the reasons set forth hereinbelow, the Court shall deny each of petitioner's post-judgment motions.

### I. PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND MOTION TO PROCEED IN FORMA PAUPERIS

Section 2253 of Title 28 of the United States Code, as amended in 1996, provides, in pertinent part, that

---

1. On March 1, 1999, this Court granted in part petitioner's motion for enlargement of time, providing petitioner with an additional 30 days in which to file his notice of appeal, certificate of appealability and application to proceed in forma pauperis. See order issued March 1, 1999.

[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1) Similarly, amended Federal Rule of Appellate Procedure 22 provides that

[i]n a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or circuit judge issues a certificate of appealability pursuant to section 2253(c) of Title 28, United States Code.

Fed.R.App.Proc. 22(b).

■ The standard for the issuance of a certificate of appealability is set out at 28 U.S.C. § 2253(c)(2) and provides that the certificate may be issued only upon a "substantial showing of the denial of a constitutional right." This standard codifies the standard promulgated in *Barefoot v. Estelle*, 463 U.S. 880, 892–93, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) for the issuance of a certificate of probable cause. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir.1997) The petitioner is not required to show that he will prevail on the merits, but rather that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are "adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. 3383.

Plaintiff has not met the aforementioned standard. This Court is of the opinion that the issues raised in plaintiff's § 2254 motion are not debatable among jurists of reason, nor could a court resolve such issues differently, nor are the issues sufficient to deserve encouragement to proceed further. A certificate of appealability will therefore not issue from this Court.

With respect to petitioner's motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The United States Supreme Court has interpreted "good faith" as stated in Section 1915 to mean "not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445–46, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

■ After a thorough review of petitioner's submissions, this Court makes the finding that any appeal from the decision denying petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 would be frivolous. Because it is clear that an appeal could not be taken in good faith, pursuant to 28 U.S.C. § 1915(a), such an appeal may not be taken *in forma pauperis*.

## II. PETITIONER'S MOTION FOR RECUSAL

Petitioner has brought a motion for recusal seeking to disqualify the presiding judge in the above-entitled case. According to petitioner, "the district court's actions exhibit actual or apparent bias towards petitioner which is a violation of Hence's right to due process." Specifically, petitioner complains that the court has "ignored petitioner's discovery motion, ceased all other fact-finding by eliminating the magistrate, and then denied the petition because it claimed that Hence could not produce facts to support his issues." Petitioner also alleges that "the Court has had ex parte communication with the respondent and/or has fabricated reasons to deny the petition."

■ It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. *See Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir.1956); *see*

*also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir.1980) (holding that on motion to disqualify judge, facts stated with particularity were to be taken as true, but affidavits which were conclusory or constituted merely opinions were not sufficient). Petitioner has not demonstrated any of the factors requiring disqualification, as provided by federal statute. *See* 28 U.S.C. § 455. Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, petitioner has not shown that the Court harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1). Moreover, petitioner has provided no evidence to substantiate his claim that the Court has engaged in improper *ex parte* communication with the respondent.

■ It should also be noted that a district court is *not required* to provide a § 2254 petitioner with an evidentiary hearing or a period of discovery. Rule 8 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides, in pertinent part, as follows:

[i]f the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

28 U.S.C. § 2254, Rule 8(a); see also *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (holding that "[i]f the judge decides an evidentiary period is neither required nor desirable, he

shall make such a disposition of the petition 'as justice shall require' ").

Accordingly, this Court will deny petitioner's request for recusal.

## III. PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

■ In addition to the above motions, petitioner has filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) At the outset, the Court notes that Rule 59(e) explicitly provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Judgment in the above-entitled case was entered on February 10, 1999, the same day this Court entered its opinion and order denying petitioner's application for writ of habeas corpus. Consequently, petitioner had 10 days in which to file a motion to alter or amend judgment pursuant to Rule 59. However, petitioner did not file such a motion until March 3, 1999, approximately three weeks after judgment was entered. Due to this delay, the instant motion to alter or amend judgment is untimely filed and may be denied on this basis alone.[2] *See McConnel v. MEBA Medical & Ben. Plan*, (9th Cir.1985) (holding that 10–day limitation is to be strictly construed). Nevertheless, this Court will consider the motion on the merits in light of petitioner's *pro se* status. The Court concludes that the motion must be denied for the reasons set forth below.

A motion to alter or amend judgment pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 (E.D.Mich. 1998). Pursuant to Local Rule 7.1, this Court will not grant a motion for reconsideration unless "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposi-

---

**2.** No motion for extension of time was filed by petitioner with respect to the instant motion

to alter or amend judgment.

tion of the case must result from a correction thereof." L.R. 7.1(g)(3). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

In the instant case, petitioner asserts seven issues in his motion to alter or amend judgment. These issues are listed immediately below, as they appear in petitioner's brief:

1A. Newly discovered evidence that completely undermines the prosecutor's case, and which the prosecutor had suppressed, requires reversal.

1B. It is an unequal application of the law not to reverse Hence's convictions as was done for his jointly tried, similarly situated codefendant.

2. [Petitioner] Hence was denied equal protection of the law and due process when he was denied reasonable assistance of post-conviction appeal counsel.

3. The state deprived Hence of a fair trial and denied him due process when it encouraged a witness into giving false testimony and then threatened the witness with retaliation for attempting to reveal that earlier perjury.

4. The introduction of an unendorsed accomplice witness was a violation of due process.

5. Petitioner was denied a fair trial where the prosecution used a surprise alibi rebuttal witness.

6. The use of yet another surprise alibi rebuttal witness was a denial of due process.

7. Trial counsel was ineffective for failing to object to one of the surprise witnesses, entering evidence for the prosecution, failure to investigate, and his inability to cross-examine a key witness.

Brief in Support of Motion to Alter or Amend Judgment, p. 1. As will be shown, each of these issues was previously addressed and disposed of in this Court's prior February 10, 1999 opinion and order

denying petition for writ of habeas corpus (hereinafter "Op. & Order").

The first issue (designated "1A") concerns an allegation of newly discovered evidence. Petitioner has already raised this allegation which was previously addressed in Subsection IV of the discussion section of this Court's prior opinion. *See* Op. & Order, pp. 17–20. Subsection IV is entitled, "Did the state courts err in denying petitioner a new trial where petitioner presented newly discovered evidence in the form of Norman Wayne Robinson's affidavit, in which Robinson recanted his trial testimony?" This Court, after a discussion of the applicable case precedents and legal principles, held that such "newly discovered evidence" was not grounds for federal habeas relief. Petitioner has presented no valid reason for this Court to depart from its reasoning regarding this claim.

The next issue (designated "1B") appears to allege an equal protection claim premised on the state court's refusal to grant him relief from conviction as was done for a "similarly situated" codefendant. This claim was likewise evaluated and denied in Subsection II contained within this Court's prior opinion and order. *See* Op. & Order, pp. 14–16. Subsection II discussed whether petitioner was denied relief from his conviction by either the Michigan trial or appellate courts because of his race and economic status, in violation of the equal protection clause. This Court concluded, after reviewing the state court opinions in both petitioner's and Gallagher's cases, that those rulings were made based solely upon the facts presented and not upon any impermissible racial or economic reasons. Moreover, for the reasons discussed in the prior opinion, Gallagher and petitioner were not "similarly situated" and there was no evidence found indicating any discriminatory intent or motive on the part of the state courts.

The next issue (designated "2") which is identified in petitioner's motion

concerns equal protection and due process and relates to the contention that petitioner was denied reasonable assistance of post-conviction and appellate counsel. This issue was also squarely addressed in Subsection III of this Court's prior opinion which inquired into whether petitioner was denied the effective assistance of counsel in his post-conviction proceedings. *See* Op. & Order, pp. 16–17. As this Court previously concluded, petitioner had no constitutional right to the assistance of counsel in his post-conviction proceedings, and therefore petitioner has failed to state a claim upon which federal habeas corpus relief can be granted.

The third issue raised by petitioner is another due process claim alleging that the state deprived him of a fair trial because it purportedly encouraged a witness to give false testimony and then threatened the witness with retaliation for attempting to reveal that earlier perjury. This claim refers to subject matter already covered in issue "1A," i.e., the "newly discovered evidence" in the form of Norman Wayne Robinson's affidavit wherein Robinson recanted his former trial testimony. As this Court concluded in the February 10, 1999 opinion and order, "[a] trial judge does not violate a defendant's Sixth Amendment and Fourteenth Amendment rights when it informs a witness who wishes to recant . . . of the penalties of perjury." *See* Op. & Order, p. 19 (citing *Culkin v. Purkett*, 45 F.3d 1229, 1232 (8th Cir.1995)). Similarly, "a prosecutor does not attempt to intimidate a defense witness by warning him or her . . . of the consequences of testifying, where the prosecutor simply tells a witness that if he or she testifies falsely, such testimony would support a perjury indictment." *See id.* (citing *U.S. v. Whittington*, 783 F.2d 1210, 1219 (5th Cir.1986))

The fourth issue relates to an alleged violation of due process due to the introduction of "an unendorsed accomplice witness." In Subsection V of the prior opinion, this Court inquired into petitioner's claim that he was denied due process because of the prosecution's failure to endorse Norman Wayne Robinson. *See* Op. & Order, p. 22. This Court noted that with respect to, this claim, numerous cases have held that a state's failure to endorse a witness prior to calling that witness to testify does not violate any federal constitutional right and is not grounds for federal habeas relief. *See id.*

The fifth and sixth issues, relating to the prosecution's use of two surprise alibi rebuttal witnesses, was also discussed in Subsection V. *See* Op. & Order, pp. 23–25. This Court determined that it was not improper for the prosecution to call the records keeper from Chrysler Corporation to introduce a time card showing that petitioner had in fact worked on the day in question in opposition to his testimony that he was at home on that day. *Id.* at 24. The Court held that there was no violation of due process in permitting this witness to testify when this aspect of petitioner's alibi only became known at the time petitioner testified at trial. *Id.*

With respect to the prosecution's calling of Robinson as an alibi rebuttal witness without first listing him on its rebuttal notice, this was *harmless error*. *See* Op. & Order, p. 24. Of importance was the fact that Robinson had already testified during the prosecution's case-in-chief that petitioner had gone with him to Sommers's house and had shot the victim. *Id.* For the purpose of determining whether federal habeas relief must be granted, the appropriate standard for harmless error is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Id.* The Court concluded that calling Robinson as a rebuttal witness was harmless error in light of Robinson's earlier testimony against petitioner. *Id.* at 24–25. The Court stands by this decision.

Lastly, petitioner re-alleges his ineffective assistance of counsel claim relating to the performance of his trial counsel. This claim was thoroughly evaluated in Subsection VI of the prior opinion. *See* Op. &

Order, p. 25–31. In this subsection, the Court addressed trial counsel's failure to effectively cross-examine Robinson, failure to object to alibi rebuttal witnesses, failure to investigate exculpatory evidence, and admission of the digital watch into evidence. *See id.* This Court applied *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and found that in light of the overwhelming evidence of guilt presented against petitioner at trial, he has failed to show that any prejudice resulted from these alleged deficiencies in his representation.

In view of all the foregoing considerations and after a thorough review of petitioner's re-alleged claims in the instant motion, it is apparent that petitioner has not "demonstrate[d] a palpable defect by which the Court and the parties have been misled" or that "a different disposition of the case must result from a correction thereof." L.R. 7.1(g). The Court must deny petitioner's motion for reconsideration, submitted as a motion to alter or amend judgment pursuant to Rule 59(e), because petitioner has merely presented "the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that petitioner's motion for certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) is **DENIED;**

**IT IS FURTHER ORDERED** that petitioner's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is **DENIED;**

**IT IS FURTHER ORDERED** that petitioner's motion for recusal pursuant to 28 U.S.C. § 455 is **DENIED;** and

**IT IS FURTHER ORDERED** that petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED.**

**SO ORDERED.**