**Randy Troy VLIET, Petitioner,**

**v.**

**Paul RENICO, Respondent.**

**No. 01–CV–72592–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 13, 2002.

Randy Vliet, St. Louis, pro se.

Brenda E. Turner, Michigan Department of Attorney General Habeas Corpus Division, Lansing, MI, for Respondent.

***OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS***

ROBERTS, District Judge.

Petitioner Randy Troy Vliet, a state prisoner currently confined at the Mid–Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded *no lo contendere* to attempted first-degree child abuse and resisting and obstructing a police officer in the Saginaw County Circuit Court in 2000. He was sentenced to concurrent terms of 40–60 months imprisonment and 16–24 months imprisonment on those convictions. In his pleadings, Petitioner raises claims concerning the sentencing guidelines, the accuracy of information at sentencing, and the trial judge's impartiality. For the reasons stated below, the petition for a writ of habeas corpus is denied.

**I. *Facts and Procedural History***

Petitioner's convictions arise from a 1992 incident in which he encouraged his son and other young children to engage in a physical confrontation. The Michigan Court of Appeals described the relevant facts as follows:

> Vliet was charged in 1996 in connection with an incident that occurred in 1992 in which he videotaped young children, including his six-year-old son, engaging in a physical altercation. The videotape depicted a confrontation that lasted for at least ten minutes and was punctuated by pleas from Vliet's young son that they be allowed to stop fighting. Vliet and another adult male, Vito Wise, could be heard on the videotape encouraging the children to fight and, in fact, Vleit could be heard ordering his son to fight. After viewing the videotape, the trial court rejected a proposed plea agreement, which included a sentencing agreement, and set the matter for trial. Wise pleaded guilty to attempted first-degree child abuse and agreed to testify at Vliet's trial. Because Vliet failed to appear for trial, he was on absconder status for approximately two years. After being apprehended, Vliet made an unsuccessful motion to disqualify the trial court on the ground that the court had determined from viewing the videotape that he was guilty.
>
> Subsequently, Vliet pleaded no lo contendere to the charges noted above in return for dismissal of other charges, including absconding. The trial court sentenced Vliet to concurrent terms of concurrent terms of forty to sixty months for his attempted first-degree

child abuse conviction and sixteen to twenty-four months imprisonment for the resisting and obstructing conviction, with credit for 301 days already served.

*People v. Vliet,* No. 226759, 2001 WL 792111, *1 (Mich.Ct.App. Jan.12, 2001) (unpublished).

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals challenging his sentence on several grounds. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in a per curiam decision. *People v. Vliet,* No. 226759, 2001 WL 792111 (Mich.Ct.App. Jan.12, 2001) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Vliet,* 464 Mich. 872, 631 N.W.2d 342 (2001).

Petitioner filed the present petition for a writ of habeas corpus on July 11, 2001, raising the following claims as grounds for relief:

I. Denial of right to be sentenced under proper sentencing guidelines.

II. Denial of right to be sentenced based on accurate information.

III. Denial of due process right to have a fair and impartial judge.

Respondent filed an answer to the petition on January 17, 2002, asserting that it should be denied for lack of merit. Petitioner filed a reply to that answer on January 25, 2002.

## II. *Standard of Review*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), govern this case because Petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Supreme Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the

correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13, 120 S.Ct. 1495 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411, 120 S.Ct. 1495. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412, 120 S.Ct. 1495. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, § 2254(e)(1) requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998).

## III. *Discussion*

### A. *Sentencing Guidelines Claim*

Petitioner first asserts that he is entitled to habeas relief because his sentence is disproportionate and the trial court failed to consult the sentencing guidelines for a similar crime when sentencing him for a crime not included in the guidelines. However, wide discretion is accorded a state trial court's sentencing decision. Claims arising out of that decision are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Haynes v. Butler,* 825 F.2d 921, 923 (5th Cir.1987). Because Petitioner alleges only errors of state sentencing law, his claims are not cognizable on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) ("federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures"); *Draughn v. Jabe,* 803 F.Supp. 70, 81 (E.D.Mich.1992) (same); *Thomas v. Foltz,* 654 F.Supp. 105, 106–07 (E.D.Mich. 1987) (habeas petitioner has no state-created interest in having state sentencing guidelines applied rigidly in determining his sentence). Moreover, as noted by the Michigan Court of Appeals, the trial court properly exercised its discretion and did not err under Michigan law in sentencing Petitioner. *See People v. Laube,* 155 Mich. App. 415, 417, 399 N.W.2d 545 (1986).

Additionally, to the extent that Petitioner may be claiming that his sentence constitutes cruel and unusual punishment under the Eighth Amendment, he is not entitled to habeas relief. In *Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the United

States Supreme Court ruled that a mandatory life sentence without possibility of parole for a first offense of possession with intent to distribute more than 650 grams of cocaine was not cruel and unusual punishment prohibited by the Eighth Amendment. Following *Harmelin*, the Sixth Circuit ruled that "there is no requirement of strict proportionality; the Eighth Amendment is offended only by an extreme disparity between crime and sentence." *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir.1991). Additionally, the Sixth Circuit has stated that "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir.1995) (refusing to disturb an HIV-positive defendant's sentence of 110 months imprisonment with four years of supervised release for one count of distributing crack cocaine and one count of possession with intent to deliver).

Petitioner was sentenced to concurrent terms of 40 to 60 months imprisonment and 16 to 24 months imprisonment on his child abuse and resisting and obstructing convictions. The trial court acted within its discretion in imposing sentence. This Court concludes that there is no extreme disparity between Petitioner's crimes and sentence so as to offend the Eighth Amendment. Petitioner is not entitled to habeas relief on this claim.

B. *Inaccurate Information Claim*

Petitioner next claims that he is entitled to habeas relief because the trial court did not resolve challenges to disputed information at sentencing. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir.1990) (defendant must have a meaningful opportunity to rebut contested information at sentencing). The petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir.1984); *Draughn*, 803 F.Supp. at 80.

In this case, the Michigan Court of Appeals concluded that the trial court did resolve Petitioner's challenges concerning his involvement in the children's altercation at sentencing and did so based upon an assessment of the videotape of the incident. The Court of Appeals also determined that Petitioner failed to show how the trial court's alleged inaccurate conclusions influenced the court's sentence. Having reviewed the record, this Court concludes that Petitioner has not demonstrated that his sentence was carelessly or deliberately pronounced based upon an extensive or materially false foundation, nor has he shown that the Michigan Court of Appeals' decision in this regard is contrary to federal law or an unreasonable application thereof. The trial court specifically found that Petitioner encouraged his son to fight, ordered him to continue fighting even though his son wanted to stop, and laughed when his son was punched. *See* Sentencing Tr., pp. 20–23. The trial court thus had an ample basis upon which to impose its sentence even without reliance upon the disputed comments. Petitioner is not entitled to habeas relief on this claim.

C. *Judicial Bias Claim*

Lastly, Petitioner claims that the sentencing judge was biased against him. The Due Process Clause of the Fourteenth Amendment requires a fair tri-

al in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley,* 520 U.S. 899, 904–05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). To state a claim that a judge is biased, a petitioner must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe,* 106 F.3d 1498, 1504 (6th Cir.1997). Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *Hence v. Smith,* 49 F.Supp.2d 547, 549 (E.D.Mich. 1999).

In this case, the Michigan Court of Appeals determined that Petitioner's judicial bias claim was moot given its findings that his sentence was proper, but did not address this claim as a matter of federal law. Accordingly, this Court must conduct an independent review of the state court's decision. *See, e.g., Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir.2000); *Morse v. Trippett,* 102 F.Supp.2d 392, 402 (E.D.Mich.2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Harris,* 212 F.3d at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

Having reviewed the record, this Court concludes that Petitioner has failed to establish that the sentencing judge was biased against him. The judge articulated several reasons for the sentencing decision, including Petitioner's conduct as presented on the videotape of the incident. There is no indication that the judge had personal animosity toward Petitioner, was motivated by improper considerations, or relied upon evidence or factors outside of the record in imposing sentence. Petitioner's disagreement with the sentencing decision is insufficient to establish judicial bias. He is thus not entitled to relief on this claim.

## IV. *Conclusion*

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**