UNITED STATES of America,
Plaintiff–Appellee,

v.

Dion Eric SAVAGE, Defendant–
Appellant.

No. 03–1473.

United States Court of Appeals,
Sixth Circuit.

April 30, 2004.

Tauras N. Ziedas, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Dion Eric Savage, Inez, KY, pro se.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.*

*ORDER*

Dion Eric Savage, proceeding pro se, appeals from a district court judgment denying his motion to alter or amend judgment, construed as a motion for reconsideration of an order denying his Fed. R.Crim.P. 41(e) (now 41(g)) motion for the return of property. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

---

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, in 1997, Savage was convicted of engaging in a continuing criminal enterprise (CCE), conspiring to distribute cocaine, and being a felon in possession of a firearm. He was sentenced to life imprisonment for the CCE conviction and a concurrent ten-year term of imprisonment for his possession of a firearm, and the court imposed a $25,000 fine. On appeal, a panel of this court vacated the conspiracy conviction. *See United States v. Simpson*, No. 97–2305, 1999 WL 777348 (6th Cir. Sept. 21, 1999).

During his criminal proceedings, Savage filed numerous motions relating to the return of certain property that had been seized by officers of the Flint (Michigan) Police Department. In July 1997 and January 2002, Savage filed separate motions requesting the return of the seized property. On April 18, 2002, the district court denied Savage's requests for the return of property without addressing the merits of Savage's arguments. Rather, the district court denied the requests without prejudice, and it instructed Savage to file a separate civil action to recover his property. Subsequently, the district court noted that Savage's March 28, 2002, motion for the return of property was still pending, and the court denied the motion as moot in light of the court's April 18, 2002, order instructing Savage to file a separate civil action for the return of his property.

On April 4, 2003, Savage filed a Fed. R.Civ.P. 59(e) motion to alter or amend the district court's judgment. Upon review, the district court construed the motion as a motion for reconsideration under the district court's Local Rule 7.1(g). The court denied the motion for reconsideration because Savage merely reasserted the same issues that had already been ruled upon in the order denying his requests for the return of property. On appeal, Savage essentially argues that the district court improperly denied his Rule 41(e) motion because he and his wife are entitled to the return of the requested property.

■ Upon review, we conclude that the district court properly denied Savage's motion. First, Savage has not presented any case law establishing that the district court lacked the authority to require him to file a separate civil action for the return of his property. Rule 41 generally permits a motion for the return of property that has been seized in a criminal investigation. However, the motion is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of the criminal proceedings against him. *See United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir.2000); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). Absent case law to the contrary, the district court did not err when it instructed him to file a separate civil action.

■ Second, Savage also failed to establish that the district court abused its discretion when it denied his Rule 59(e) motion. The district court properly construed Savage's Rule 59(e) motion as a motion for reconsideration. Savage has not presented any authority indicating that the district court was prohibited from treating his Rule 59(e) motion as a motion for reconsideration, and there does not appear to be any case law preventing a court from treating a Rule 59(e) motion to alter or amend judgment as a motion for reconsideration. *Cf. Moody v. Pepsi–Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990) (motions for reconsideration may be treated as motions to alter or amend

judgment). A Rule 59(e) motion may be properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1. *See Hence v. Smith,* 49 F.Supp.2d 547, 550 (E.D.Mich.1999).

 Furthermore, the district court properly denied the motion for reconsideration. Pursuant to Local Rule 7.1, a motion for reconsideration cannot be granted unless the movant demonstrates "a palpable defect by which the Court and the parties have been misled" and that correcting the defect will result in a different disposition of the case. *Id.* at 550–51. A motion for reconsideration that merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.* at 551. Savage did not meet this burden. Rather, he essentially reasserted the issues raised in his requests for the return of his property. As stated above, Savage has not presented any support for his argument that the district court improperly denied his Rule 41(e) motion by ordering him to file a separate civil action. Moreover, Savage was not prejudiced because the district court ultimately reviewed the merits of his arguments in the civil action.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.