**Dion Eric SAVAGE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

Nos. 03–1443, 03–1639.

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

Rehearing En Banc Denied Aug. 6, 2004.

Dion Eric Savage, Inez, KY, pro se.

Tauras N. Ziedas, U.S. Attorney's Office, Detroit, MI, for Defendant–Appellee.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.[*]

## ORDER

Dion Eric Savage, proceeding pro se, appeals from a district court judgment denying his motion to alter or amend judgment, construed as a motion for reconsideration (No. 03–1443) and from a final judgment denying his motion for the return of property (No. 03–1639). These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, in 1997, Savage was convicted of engaging in a continuing criminal enterprise (CCE), conspiring to distribute cocaine, and being a felon in possession of a firearm. He was sentenced to life imprisonment for the CCE

[*] The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

conviction and a concurrent ten-year term of imprisonment for his possession of a firearm, and the court imposed a $25,000 fine. On appeal, a panel of this court vacated the conspiracy conviction. *See United States v. Simpson*, No. 97–2316, 1999 WL 777348 (6th Cir. Sept. 21, 1999). In March 2002, Savage filed a Fed. R.Crim.P. 41(e) (now 41(g)) motion for the return of property seized by officers of the Flint (Michigan) Police Department. Subsequently, Savage filed a second Rule 41(e) motion for the return of the seized property. On April 18, 2002, the court denied Savage's motions without prejudice and instructed him to file a separate civil action to recover his property

On September 11, 2002, Savage commenced a civil proceeding, seeking the return of various sums of cash, a pager, a cell phone, firearms and ammunition, a charge card, four rings, three bracelets, a gold necklace and pendant, food stamps, Polaroid photographs, a phone book, business records, blue prints to his home, and car keys and papers for the cars. He also filed a "traverse motion" seeking the return of the same property. On March 14, 2003, the district court denied Savage's requests for the return of his property, concluding that he was not entitled to the return of any weapons and ammunition because he is a convicted felon, that he had been disqualified from the food stamp program and was not entitled to the return of any food stamps, and that he was not entitled to the return of the remaining property because the government had a valid lien against the property based on his unpaid fine. However, the district court did not enter a judgment. On March 24, 2003, the government filed a motion for the entry of judgment. On March 25, 2003, Savage filed a Fed.R.Civ.P. 59(e) motion to alter or amend the "judgment," arguing that the district court had abused its discretion when it denied his requests for the return of his property.

On March 28, 2003, the district court noted that no judgment had been entered that it could alter or amend, and it construed Savage's motion as a motion for reconsideration under the district court's Local Rule 7.1(g). The court denied the motion for reconsideration because Savage merely reasserted the same issues that had already been ruled upon in the order denying his requests for the return of property. Savage filed a timely appeal from this order. (No. 03–1443). On April 29, 2003, the district court entered its final judgment, after granting the government's motion for the entry of judgment. On May 1, 2003, the district court denied Savage's motion to proceed in forma pauperis on appeal because his application was incomplete. Savage filed an appeal from this order. (No. 03–1639). Subsequently, an amended notice of appeal was filed, in which Savage appears to have appealed from the district court's entry of final judgment, arguing that the district court had improperly granted the government's motion without granting him an opportunity to respond to the motion, and because his prior notice of appeal divested the district court of jurisdiction to enter a final judgment.

On appeal, Savage essentially argues that he and his wife are entitled to the return of the requested property, and that the district court improperly entered a final judgment in this case. He has also filed a motion to require oral argument, a motion for the appointment of counsel, and a motion to dismiss count 1 of the superseding indictment.

### Case No. 03–1443

■ Upon review, we conclude that the district court properly denied Savage's Rule 59(e) motion. First, the district court properly construed Savage's Rule 59(e) motion as a motion for reconsideration. No judgment had been entered at that time

that the court alter or amend. Savage has not presented any authority indicating that the district court was prohibited from treating his Rule 59(e) motion as a motion for reconsideration, and there does not appear to be any case law preventing a court from treating a Rule 59(e) motion to alter or amend judgment as a motion for reconsideration. *Cf. Moody v. Pepsi–Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir.1990) (motions for reconsideration may be treated as motions to alter or amend judgment). A Rule 59(e) motion may be properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1. *See Hence v. Smith,* 49 F.Supp.2d 547, 550 (E.D.Mich.1999).

■ Second, the district court properly denied Savage's motion for reconsideration. Pursuant to Local Rule 7.1, a motion for reconsideration cannot be granted unless the movant demonstrates "a palpable defect by which the Court and the parties have been misled" and that correcting the defect will result in a different disposition of the case. *Id.* at 550–51. A motion for reconsideration that merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.* at 551. Savage did not meet this burden. Rather, he essentially reasserted the issues raised in his requests for the return of his property. Contrary to Savage's arguments, the district court properly determined that he was not entitled to the return of any weapons or ammunition because he is currently a convicted felon, that he was not entitled to the return of the food stamps because he had been disqualified from the food stamp program, and that he was not entitled to the return of the remaining property in the government's possession because the government held a valid lien against the property.

Finally, we conclude that the district court order implicitly rejected Savage's remaining arguments. Although the district court did not specifically address Savage's wife's claim to the property, the record clearly reflects that she was not a party to the complaint or the "traverse motion." She was also not a signatory to either document. While the district court did not specifically address Savage's claim for Polaroid photographs, a phone book and business records, and a cell phone, nothing in the record reflects that these items were in the possession of any federal government agent or agency. Indeed, Savage's pleadings clearly reflect that these items were seized by officers of the Flint Police Department. Finally, contrary to Savage's argument, the district court did address his claims regarding the remaining items and the district court determined that they were subject to the government's lien. Hence, because there were no "palpable defects," the district court properly denied Savage's motion for reconsideration.

### Case No. 03–1639

■ We also conclude that the district court properly entered a final judgment in this case. Initially, we note that the district court did not grant "summary judgment" to the government. Rather, the district court merely granted the government's request for an entry of final judgment because the district court's March 14, 2003, order had already disposed of all the issues raised in the case. Moreover, Savage did have the opportunity to respond to the government's motion because the government served him with a copy of the motion. Savage simply failed to file a response. We also note that, contrary to Savage's argument, the district court not only addressed his application to proceed IFP, it actually granted him IFP status on appeal. Finally, the district court properly entered final judgment in this case because it had already ruled that Savage was not entitled to the return of the requested

property. Once the district court had disposed of all the issues in the case, entry of final judgment was appropriate, *see Owens Corning v. Nat'l Union Fire Ins. Co.,* 257 F.3d 484, 497 (6th Cir.2001), particularly in light of Savage's failure to respond to the government's motion for entry of judgment. Because Savage never presented any challenge to the entry of final judgment in the district court, we decline to address the matter in the first instance. For these same reasons, we also conclude that Savage was not entitled to an evidentiary hearing.

Accordingly, we deny the motions to require oral argument, for the appointment of counsel, and to dismiss count 1 of the superseding indictment, and we affirm the district court's order denying Savage's Rule 59(e) motion and its entry of final judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.