## PEOPLE v LAUBE

Docket No. 89609. Submitted September 9, 1986, at Lansing. Decided October 8, 1986.

Brian C. Laube pled guilty in Genesee Circuit Court to a charge of felonious driving and was released on bond pending sentencing. He failed to appear at his scheduled sentencing. Six months later, he was returned to Genesee County for sentencing after he had been imprisoned in another county on an unrelated charge. Defendant was sentenced to a prison term of from sixteen to twenty-four months, the sentence to run consecutively to that which defendant was already serving, Harry B. McAra, J. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's sentence is not excessive.

2. Defendant's argument that his sentence should have been shorter because it was made to run consecutively to his other sentence is without merit.

3. The trial court did not abuse its discretion in sentencing defendant to prison rather than to a less restrictive setting.

Affirmed.

1. CRIMINAL LAW — FELONIOUS DRIVING — SENTENCING — SENTENCING GUIDELINES MANUAL.

The Sentencing Guidelines Manual does not apply to felonious driving and should not be applied to a felonious driving conviction by analogizing to a similar crime covered by the guidelines.

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

The fact that a sentence imposed is to run consecutively to another sentence is no reason to make the sentence shorter than it would be if it were to run concurrently.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 535 *et seq.,* 552.

See the annotations in the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Michael J. Breczinski,* for defendant on appeal.

Before: DANHOF, C.J., and ALLEN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. On January 4, 1985, defendant entered a plea of guilty to a charge of felonious driving, MCL 752.191; MSA 28.661. At the plea-taking proceeding he stated that he fled when police either stopped him or attempted to stop him; that he "drove crazily," reaching speeds of one hundred miles per hour and going through stop signs and red lights; and that he eventually "wrecked his car," causing injuries to his passenger, Dickie Leeland Rider.

Defendant was released on bond pending his sentencing date of April 17, 1985. Defendant failed to appear on that date. He was returned to Genesee County for sentencing on October 23, 1985, after he had been sentenced to imprisonment in another county on an unrelated charge. In this case, defendant was sentenced to from sixteen months to twenty-four months imprisonment, to run consecutively to the sentence that defendant was already serving. Defendant appeals from his sentence as of right.

Defendant maintains that his sentence should shock the conscience of this Court under the standard enunciated in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). He argues that the sentence was excessive as evidenced by a comparison to what the minimum range for an assault conviction would be under the sentencing guidelines (alleg-

edly, three months to twelve months). Moreover, defendant avers that the fact that the sentence was consecutive should have militated in favor of a shorter sentence. Finally, he maintains that he should not have been sentenced to prison.

The recommended minimum sentencing range applicable to an assault conviction is inapposite to the facts of this case. The sentencing guidelines do not apply to felonious driving. Moreover, there is no instruction or suggestion in the Sentencing Guidelines Manual that the guidelines should be applied by analogizing to a similar crime when the guidelines do not specifically apply to the crime at issue. Indeed, the manual states that a Sentencing Information Report need only be completed for crimes to which the guidelines apply. Sentencing Guidelines Manual, Tab 1, I.A.1. Accordingly, we find no indication that defendant's sentence was excessive based on a deviation from the sentencing guidelines.

We also reject defendant's argument regarding consecutive sentencing. In the present case, the trial court recognized that it was authorized to make defendant's sentence concurrent or consecutive. However, the court made the sentence consecutive, explaining that it thought defendant needed "deep-seeded [sic] counseling" and did not believe that such counseling could be adequately rendered in one year's time, the length of the defendant's unrelated sentence. Given this stated reason, we find no merit in defendant's contention that the fact that the sentence was made consecutive provided reason for making the sentence shorter.

Defendant also suggests that he should not have been sentenced to prison, but that he should "have been given a keeper of some sort." Presumably, defendant means that he should have been sentenced to a less restrictive setting. In support of

this contention, he points to facts allegedly contained in his presentence investigation report which has not been included in the record on appeal. However, assuming that the report does state that defendant has a schizophrenia personality disorder, a brain tumor and a dependency on drugs, we find no error in the trial court's decision to sentence defendant to imprisonment. Defendant does not indicate that he would receive inadequate treatment for these conditions in prison. Moreover, given the defendant's prior failure to appear for sentencing while out on bond, and the fact that the present conviction arose out of an instance where he was fleeing police, we can find no evidence that the trial court abused its discretion in opting against a less restrictive setting.

Affirmed.