PEOPLE v PEÑA

Docket No. 186907. Submitted July 2, 1997, at Grand Rapids. Decided July
22, 1997, at 9:20 A.M.

Xouchie Peña was convicted by a jury in the Saginaw Circuit Court,
Lynda L. Heathscott, J., of assault with intent to do great bodily
harm less than murder, obstruction of justice, extortion, and con-
spiracy to commit aggravated assault after the defendant and some
friends beat the same victim on two occasions. After the first beat-
ing, the victim filed a complaint with the police and the defendant
and her friends threatened the victim with more harm if she said
anything further to the police. After the second beating, the defend-
ant threatened to kill the victim if she said anything more to the
police. The defendant was sentenced to concurrent prison terms of
5 to 10 years for assault, 2 to 5 years for obstruction of justice, 7½
to 20 years for extortion, and 12 months for conspiracy to commit
aggravated assault. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's threat to kill the victim after the second beat-
ing if the victim said anything further to the police falls within the
extortion statute, MCL 750.213; MSA 28.410, which provides that a
person is guilty of extortion if the person maliciously threatens
injury to another with the intent to compel the person threatened
to do or refrain from doing any act against the threatened person's
will. An extortion conviction may be secured upon the presentation
of proof of the existence of a threat of immediate, continuing, or
future harm. Threatening a person with harm if the person reports
a crime to the police is not a minor threat, but a threat of such con-
sequence or seriousness that the extortion statute should apply.

2. The defendant's convictions of extortion and obstruction of
justice do not violate the double jeopardy protections of the federal
and state constitutions. Convictions under two separate statutes for
the same conduct do not violate the constitutional protection
against multiple punishment where, as here, the statutes prohibit
conduct that violates distinct social norms. The extortion statute
punishes coercive behavior against individuals, whereas obstruc-
tion of justice, a common-law crime punishable under MCL

750.505; MSA 28.773, concerns interference with the orderly admin-
istration of justice.

3. The trial court did not abuse its discretion in denying the
defendant's motion for a directed verdict of acquittal with regard to
the charge of assault with intent to do great bodily harm less than
murder. Sufficient evidence was presented from which a rational
trier of fact could conclude that there was an attempt or offer with
force or violence to do corporeal hurt to another, coupled with an
intent to do great bodily harm less than murder.

4. The trial court did not abuse its discretion in denying the
defendant's motion for an adjournment to allow research by the
defense related to the motion for a directed verdict of acquittal
with regard to the charge of assault with intent to do great bodily
harm less than murder. As determined earlier, the trial court did
not err in denying the motion. On appeal, the defendant has failed
to cite any persuasive case law to support the claim that she was
entitled to a directed verdict.

5. The trial court failed to sufficiently articulate its reasons for
imposing the 7½- to 20-year sentence for extortion. Thus, the case
must be remanded for an articulation of reasons or a resentencing.
In light of the trial court's failure to sufficiently articulate reasons
for the sentence for extortion, the defendant's claim, that the 7½-
year minimum sentence for extortion is excessive and dispropor-
tionate, cannot be reviewed. The defendant, by failing to cite any
supporting authority, has waived appellate review of the claim that
the minimum sentence for extortion is excessive.

Affirmed, but remanded for articulation of reasons for sentence
for extortion or for resentencing.

1. EXTORTION — THREATENING HARM FOR REPORT OF CRIME TO THE POLICE.

Threatening immediate, continuing, or future harm to a person if the
person reports a crime to the police may constitute the felony
offense of extortion (MCL 750.213; MSA 28.410).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — EXTORTION — OBSTRUCTION OF
JUSTICE.

Convictions of extortion and obstruction of justice for threatening to
harm a person if the person persists in reporting a crime to the
police or cooperating with the police in the investigation of a crime
do not violate double jeopardy because extortion and obstruction
of justice address distinct social norms; extortion involves coercive
behavior against individuals while obstruction of justice involves
interference with the orderly administration of justice (MCL
750.213, 750.505; MSA 28.410, 28.773).

3. CRIMINAL LAW — DIRECTED VERDICTS OF ACQUITTAL.

    A directed verdict of acquittal is appropriate only if, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime charged were proved beyond a reasonable doubt.

4. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER.

    The elements of assault with intent to do great bodily harm less than murder are an attempt or offer with force or violence to do corporeal hurt to another and an intent to do great bodily harm less than murder (MCL 750.84; MSA 28.279).

5. CRIMINAL LAW — CONTINUANCES OF TRIAL

    A trial court's decision to grant or deny a continuance is reviewed on appeal for abuse of discretion.

6. SENTENCES — ARTICULATION OF REASONS.

    A trial court must articulate on the record the criteria considered and the reasons for a sentence imposed in order to facilitate appellate review of the sentence.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Catherine Langevin Semel*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for the defendant on appeal.

Before: HOOD, P.J., and MCDONALD and YOUNG, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, obstruction of justice, MCL 750.505; MSA 28.773, extortion, MCL 750.213; MSA 28.410, and conspiracy to commit aggravated assault, MCL 750.81a; MSA 28.276(1); MCL 750.157a; MSA 28.354(1). She was sentenced to concurrent prison terms of 5 to 10 years for the conviction of assault with intent to do great bodily harm, 2 to 5 years for the conviction of obstruc-

tion of justice, 7½ to 20 years for the conviction of extortion, and 12 months for the conviction of conspiracy to commit aggravated assault. Defendant appeals as of right. We affirm defendant's convictions, but remand for articulation of the reasons for the sentence imposed for the extortion conviction or for resentencing.

This case arises from an incident in which the victim was beaten by defendant, Tricia Lynn Alcock,[1] and Liz Ontiveros. Some days before the incident, the victim and some of her friends had stopped at a gas station to get gasoline, and defendant and some girls pulled alongside them in a car, "jumped out and came up to" the victim, and made some remarks to her. The victim and her friends drove away.

On a subsequent day, while the victim was walking home from high school, defendant, Ontiveros, Nicky Rivera, and an unidentified girl passed by the victim in a car. The victim had previously heard that the girls in the car were going to "jump" her, so she changed direction and walked along another street. The car turned, drove past the victim, and stopped in front of the victim. Defendant, Ontiveros, and the unidentified girl got out of the car. According to the victim, defendant said that someone told her that the victim had called her a "bitch" and that she was going to "jump" the victim. Defendant then punched the victim in the face, the victim fell, and defendant, Ontiveros, and the unidentified girl began punching and kicking the victim. Moments after the assailants stopped beat-

---

[1] Tricia Lynn Alcock was tried with defendant and convicted of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and conspiracy to commit aggravated assault, MCL 750.81a; MSA 28.276(1). Alcock has an appeal pending in Docket No. 186905.

ing the victim, a police officer approached the victim and took her complaint regarding the incident. The other girls told the police officer that the victim had thrown something at their car. No arrests were made.

Days later, the victim, Sharon Stueller, and Cynthia Mann were stopped in a car waiting for a friend, Germayne Kelly. After Kelly got into the car, the victim looked around and saw defendant, Alcock, and Natalie Garza standing on a corner. Defendant and Alcock ran toward the car. Stueller was unable to restart the car to drive away. Defendant and Alcock were eventually able to enter the car. According to Mann, Alcock hit the victim in the face more than twice. The victim did not hit defendant or Alcock, but attempted to stay in the car. The victim indicated that defendant and Alcock grabbed her arms and hair and pulled her out of the car. While the victim was on the ground, defendant, Alcock, and Garza kicked and punched the victim in the face, head, arms, and chest. At some point, Alcock and Garza moved away while defendant held the victim by her hair and said "Are you done? Are you done?" Defendant then punched the victim's face twice more. Defendant told the victim to leave and pushed her back toward the car. The victim testified that, during the beating, defendant indicated that the victim had "snitched" to the police about her.

Mann corroborated the victim's account of the fight. Mann also testified that defendant told the victim that she would kill her if she said anything else to the police. After the fight, Mann observed that the victim's face was swollen and her eyes were black and blue, puffy, and bloodshot. Stueller confirmed that a white female and a Mexican female ran toward the

car, pulled the victim out of the car, and kicked the victim in the head, but Stueller could not identify them. Stueller did hear one of the attackers threaten to kill the victim if she called the police again. Stueller observed that the victim was bruised and that the victim's eyes "were bleeding blood."

Detective Michael Van Horn of the Michigan State Police saw the victim two days following the incident and described her appearance as follows:

> On her chest, on her wrist, and basically her right eye was pretty much swollen shut. There was a lot of blood in the white part of the eye. There was bruises up on the top of her forehead, and I could see little red bumps where it looked like her hair had been pulled out from the roots on her head. A lot of facial swelling. There was still some blood—dry blood in her nose—in her nasal area.

I

Defendant argues that her extortion conviction should be reversed because the extortion statute does not contemplate the behavior for which she was convicted. The extortion charge related to defendant's threat of harm, at the conclusion of the last beating, that defendant would kill the victim if she said anything else to the police (apparently about the previous assault). Statutory interpretation is a question of law that is reviewed de novo. *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997); *Smeets v Genesee Co Clerk*, 193 Mich App 628, 633; 484 NW2d 770 (1992).

The extortion statute, MCL 750.213; MSA 28.410, provides in pertinent part:

> Any person who shall . . . orally . . . maliciously threaten any injury to the person . . . with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years
> . . . .

When a defendant is charged with extortion arising out of a compelled action or omission, a conviction may be secured upon the presentation of proof of the existence of a threat of immediate, continuing, or future harm. *People v Hubbard (After Remand)*, 217 Mich App 459, 485; 552 NW2d 493 (1996); *People v Fobb*, 145 Mich App 786, 788-790; 378 NW2d 600 (1985).

In *People v Atcher*, 65 Mich App 734, 738-739; 238 NW2d 389 (1975), this Court affirmed the defendant's conviction for extortion where the defendant had attempted to prevent a witness from testifying in a misdemeanor assault and battery case against a third party. The decision in *Atcher* did not disapprove of the prosecutor's emphasizing the seriousness of the defendant's action of intimidating a witness, notwithstanding the fact that the testimony that the defendant sought to discourage was related to misdemeanor assault and battery. *Id.* at 737.

Contrary to defendant's claim, threatening a victim with harm if the victim reports a crime to the police is not a "minor threat."[2] Rather, we conclude that the demand by defendant that the victim not talk to the

---

[2] In *People v Fobb*, *supra* at 788-790, the victim was forced by the defendant to execute a note. The *Fobb* Court noted that the note gave the defendant no apparent pecuniary advantage and did not seem to have any rationale or importance. Rather, it seemed to have been obtained merely to satisfy some unexplained whimsy on the part of the defendant. The *Fobb* Court found that the act of writing the note essentially amounted to

police was an offense contemplated by the extortion statute because the act demanded was of such consequence or seriousness that the statute should apply.

II

Defendant also contends that her convictions of extortion and obstruction of justice violate federal and state prohibitions against double jeopardy. We review de novo questions of law, including double jeopardy issues and the constitutionality of statutes. *People v White*, 212 Mich App 298, 304-305; 536 NW2d 876 (1995).

The double jeopardy provision of the United States Constitution, US Const, Am V, and its counterpart in the Michigan Constitution, Const 1963, art 1, § 15, protect citizens from suffering multiple punishments and successive prosecutions for the same offense. *People v Harding*, 443 Mich 693, 699; 506 NW2d 482 (1993). The issue whether two convictions involve the same offense for purposes of the protection against multiple punishment is solely one of legislative intent. *People v Sturgis*, 427 Mich 392, 400; 397 NW2d 783 (1986). Statutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishment. *People v Robideau*, 419 Mich 458, 487; 355 NW2d 592 (1984).

In *People v Harrington*, 194 Mich App 424, 429; 487 NW2d 479 (1992), this Court addressed this issue in examining the assault statute and the weapon statute. The *Harrington* Court explained:

---

a minor threat that the extortion statute did not contemplate. That is not the case here.

In the assault statute, the emphasis is on punishing crimes injurious to other people, regardless of whether a weapon is used to effect the injury. The focus of the weapon statute is on the carrying of the weapon. While the facts of this case make it appear that the two statutes punish the same behavior or protect the same social norm, such a conclusion is not borne out in all situations. As noted above, the assault statute does not require the possession of a firearm or dangerous weapon, while the weapon statute depends upon such possession. Also, the assault statute requires the commission of an actual assault, while the weapon statute requires only the intent to use the possessed weapon illegally against another, not a completed assault. The two statutes are neither hierarchical nor cumulative. For these reasons, we conclude that defendant's double jeopardy challenge fails under both constitutions.

Similarly, in this case, punishments for extortion and obstruction of justice address different societal norms, although they arise from the same events in the present case. The extortion statute, MCL 750.213; MSA 28.410, punishes coercive behavior directed against individuals, regardless of whether such behavior occurs in the context of interfering in the orderly administration of justice. The crime of obstruction of justice, on the other hand, is concerned with interference in the orderly administration of justice, and is a crime against the public in general. See *People v Thomas*, 438 Mich 448, 455; 475 NW2d 288 (1991). The criminalization of extortion and of obstruction of justice thus have different aims. Therefore, punishment for both convictions does not violate prohibitions of double jeopardy.

III

Defendant also argues that the trial court erred in denying defense counsel's motion for a directed verdict of acquittal regarding the charge of assault with intent to do great bodily harm. A directed verdict of acquittal is appropriate only if, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime charged were proved beyond a reasonable doubt. *People v Mehall*, 454 Mich 1, 6; 557 NW2d 110 (1997); *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime. *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993); *Wolfe, supra* at 524-526. The court may not determine the weight of the evidence or the credibility of the witnesses. *Mehall, supra; People v Herbert*, 444 Mich 466, 474; 511 NW2d 654 (1993). Rather, questions regarding the credibility of witnesses are left to the trier of fact. *People v Palmer*, 392 Mich 370, 375; 220 NW2d 393 (1974); *People v Velasquez*, 189 Mich App 14, 16; 472 NW2d 289 (1991).

The elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or offer with force or violence to do corporal hurt to another, (2) coupled with an intent to do great bodily harm less than murder. *People v Smith*, 217 Mich 669, 673; 187 NW 304 (1922); *People v Mitchell*, 149 Mich App 36, 38; 385 NW2d 717 (1986); MCL 750.84; MSA 28.279.

Defendant claims that there was insufficient evidence of the necessary intent and alleges that the injuries sustained by the victim could not support an

inference that defendant acted with an intent to inflict great bodily harm. We disagree. There was overwhelming evidence that defendant, along with her cohorts, beat and kicked the victim in the face, head, arms, and chest. The emergency room physician who treated the victim testified that the victim's injuries were serious. He further testified that kicks or blows with the fist to the head or body could cause serious injury. The doctor's assertion regarding the seriousness of the victim's injuries may appear questionable in light of the fact that treatment was limited to prescribing Tylenol, after which the victim was released from the hospital. This testimony, nevertheless, was sufficient to give rise to an inference of the necessary intent. Moreover, it would have been improper for the trial court to determine the weight of the evidence or the credibility of the physician's testimony in resolving the motion for a directed verdict. *Herbert, supra*. The trial court did not err in denying the motion for a directed verdict and submitting to the jury the charge of assault with intent to do great bodily harm.

IV

Defendant also argues that the trial abused its discretion in denying defense counsel's motion for an adjournment. A trial court's decision whether to grant a continuance is reviewed for an abuse of discretion. *People v Williams*, 386 Mich 565, 575, 578; 194 NW2d 337(1972).

The *Williams* Court held that a trial court abused its discretion by denying the defense attorney's motion to withdraw from the case and by failing to grant the defendant a continuance and the opportu-

nity to obtain another attorney in circumstances
where

> 1) defendant was asserting a constitutional right—the right
> to counsel; 2) he had a legitimate reason for asserting this
> right—an irreconcilable *bona fide* dispute with his attorney
> over whether to call his alibi witnesses; 3) he was not guilty
> of negligence; and 4) the trial court was incorrect in stating
> that defendant had caused the trial to be adjourned several
> times . . . . [*Id.* at 578.]

The decision in *People v Wilson*, 397 Mich 76, 81; 243
NW2d 257 (1976), set forth the additional requirement
that a defendant must be able to demonstrate
prejudice as a result of the trial court's abuse of
discretion.

Here, defendant contends that if her attorney had
obtained an adjournment, she would have discovered
case law relevant to her motion for a directed verdict
on the charge of assault with intent to do great bodily
harm. We, however, previously concluded that the
trial court did not err in denying defendant's motion
for a directed verdict. Moreover, defendant has failed
to cite any persuasive case law on appeal to support
her position that she was entitled to a directed ver-
dict. The trial court did not abuse its discretion in
denying defense counsel's motion for an adjournment.

V

Defendant's remaining arguments concern the valid-
ity of her sentences. She first contends that the trial
court failed to articulate sufficient reasons for the
sentence imposed for the extortion conviction. To
facilitate appellate review, the sentencing court must
articulate on the record the criteria considered and
the reasons for the sentence imposed. *People v Flem-*

*ing*, 428 Mich 408, 428; 410 NW2d 266 (1987); *People v Sandlin*, 179 Mich App 540, 542; 446 NW2d 301 (1989).

In imposing sentence for the conviction of extortion, the trial court stated:

> As to Count III, extortion, it is the sentence of this Court that she serve no less than 7½ to no more than 20 years in a state prison.
>
> *          *          *
>
> There are no sentencing guidelines on Counts II [obstruction of justice], III [extortion], and IV [conspiracy to assault with intent to do great bodily harm]. The Court feels that the sentences on those are proportional to the circumstances of the offense and the offender.

Although the trial court asserted that the sentence was imposed because it was proportional to the circumstances of the offense and the offender, the court did not offer any explanation of why the particular sentence imposed was appropriate under the circumstances of this case. Because the trial court did not explain the criteria that it considered, we do not have an adequate record to review this issue. We therefore remand for an articulation of the reasons for the sentence imposed or for resentencing. *People v Triplett*, 432 Mich 568, 569; 442 NW2d 622 (1989).

Defendant also argues that the trial court's scoring of the sentencing guidelines for the conviction of assault with intent to do great bodily harm was improper because the extortion conviction carried the highest maximum penalty of the crimes for which defendant was convicted. The crime of extortion is not addressed in the sentencing guidelines. Defendant correctly asserts that the sentencing guidelines can-

not be extended to sentencing for a crime not addressed by the guidelines. *People v Laube,* 155 Mich App 415, 417; 399 NW2d 545 (1986). Because the trial court did not state its reasons for the sentence imposed for defendant's extortion conviction, it is unclear whether the court utilized the guidelines' recommendation regarding the conviction for assault with intent to do great bodily harm as a benchmark for the sentence imposed for extortion.

Defendant further argues that her minimum sentence of 7½ years' imprisonment for the extortion conviction is excessive and disproportionate. The extortion statute provides for a maximum penalty of twenty years' imprisonment, MCL 750.213; MSA 28.410, while the statute for assault with intent to do great bodily harm provides for a maximum penalty of ten years, MCL 750.84; MSA 28.279. Defendant contends that, notwithstanding that extortion carries a longer sentence than assault with intent to do great bodily harm, "based on the evidence produced at trial the assault was arguably the more serious offense" in the present case. Defendant cites no authority for this argument, but relies on the fact that the threat giving rise to the extortion conviction related to the prosecution of a misdemeanor. As previously discussed, however, extortion may properly be viewed as a serious crime worthy of severe punishment even when the threat relates to interfering with the prosecution of a misdemeanor. Nevertheless, because the trial court did not articulate its reasons for the imposition of the sentence for the extortion conviction, we do not have an adequate basis for reviewing this argument.

Defendant also contends that because the convictions of extortion and obstruction of justice were based on the same conduct, the court's imposition of a minimum sentence for the extortion conviction that was almost four times longer than that imposed for the obstruction of justice conviction renders the sentence for the extortion conviction excessive and disproportionate. This issue is waived because defendant failed to cite any authority. *People v Weathersby*, 204 Mich App 98, 113; 514 NW2d 493 (1994). We nevertheless conclude that defendant's argument is without merit. See *Harrington, supra.*

Affirmed, but remanded for articulation of the reasons for the sentence imposed for the extortion conviction or for resentencing. We do not retain jurisdiction.