# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAURICE ANTONIO DAWSON-DAY,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No. 323683
Wayne Circuit Court
LC No. 14-003190 - FC

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals his convictions after a bench trial for assault with intent to commit great bodily harm, MCL 750.84, and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). He was sentenced to 30 months to 10 years' imprisonment for the assault with intent to commit great bodily harm conviction and to time served for the resisting conviction. For the reasons provided below, we affirm.

## I. MEDICAL RECORD EVIDENCE

Defendant argues, with respect to the assault conviction, that the trial court clearly erred in failing to review the victim's medical records, which would have demonstrated that the victim had pre-existing medical conditions. Defendant contends that, as a result of the court's failure to review the medical records, he is entitled to a new trial. We disagree.

Initially, we note that defendant's main premise—that the trial court never considered the medical record evidence—is not supported by the record. In fact, the trial court explicitly referenced the medical records in its ruling. Thus, defendant's position is unsupported.

Defendant further claims that the trial court's findings related to the injuries the victim suffered were clearly erroneous. Specifically, defendant maintains that the court erred when it found that the victim suffered "substantial injuries" as a result of being assaulted by defendant. Defendant claims that the medical records show that the victim had "so many pre-existing medical problems," which "likely rotted his teeth and caused him to have memory problems and seizures." Defendant does not elaborate on this assertion or how it is significant, but we assume it means that defendant theorizes that the victim was already missing two teeth (due to his health issues) at the time of the assault and therefore any such loss attributed to defendant is unwarranted. Defendant also asserts that the trial court erroneously concluded that defendant's

-1-

assault caused the injuries to the victim when the victim's "intoxication likely caused him to fall down and be injured."

A trial court's findings in a bench trial are reviewed for clear error, while giving regard to "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). A factual finding is clearly erroneous if, after review of the entire record, we are left with a definite and firm conviction that a mistake occurred. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

Defendant's position is somewhat baffling. The elements of assault with intent to commit great bodily harm less than murder are (1) an attempt or offer with force or violence to do corporal hurt to another, (2) coupled with the intent to do great bodily harm less than murder. MCL 750.84; *People v Pena*, 224 Mich App 650, 659; 569 NW2d 871 (1997), modified in part 457 Mich 883 (1998). Importantly, *no actual physical injury on behalf of the victim is required. People v Harrington*, 194 Mich App 424, 430; 487 NW2d 479 (1992). Therefore, defendant's reliance for this issue on the victim's injuries being caused by something other than his assault is entirely misplaced and has no bearing on whether he committed the charged offense of assault with intent to commit great bodily harm less than murder. As a result, defendant has failed to establish how he is entitled to a new trial.[1]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that he was denied the effective assistance of counsel when his trial counsel (1) did not fully impeach the victim regarding his statements to medical personnel, (2) failed to investigate an insanity defense, and (3) failed to raise a claim of self-defense. We disagree.

To establish that a defendant's trial counsel was ineffective, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 688; 104 S Ct 2050; 80 L Ed 2d 674 (1984); *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Because no evidentiary hearing was held, our review is limited to mistakes apparent on the record. *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

Defendant's claim that his trial counsel should have impeached the victim using the medical records is a challenge to the trial strategy employed by counsel. See *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). And "[t]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence

---

[1] Although not necessary to resolve this issue, we conclude that the trial court's finding that the victim suffered "substantial injuries" as a result of being struck by defendant was not clearly erroneous and was supported by the evidence. Defendant's argument to the contrary is based on nothing other than speculation that the victim's pre-existing condition was the cause of his injuries or that the victim's injuries were due to him falling on account of being intoxicated.

with the benefit of hindsight." *Id.* at 76-77. Defendant has failed to overcome the heavy burden of proving that his counsel was ineffective. At trial, there was no dispute that defendant was the perpetrator. The only question was whether he possessed the requisite intent to be convicted of assault with intent to commit great bodily harm less than murder. Accordingly, impeaching the victim on his inconsistent statements to the hospital personnel regarding who performed the assault[2] would not have added to defendant's defense. The victim named defendant as his assailant to the responding police officers. After the officers found defendant and informed him that he was being investigated for the assault, defendant stated that he was going to kill the victim. He stated that the officers were "lucky" to have found him because he was going to kill the victim with his .40-caliber gun. Thus, it was reasonable trial strategy on defense counsel's behalf to not impeach the victim when identity was not seriously disputed.[3] Moreover, even assuming that counsel should have impeached the victim with his prior statements to the medical personnel, defendant cannot show how this failure caused him any prejudice. The main element that would have been implicated with the impeachment would have been the identification of defendant as the one who assaulted the victim. But, as already noted, there was no question that defendant assaulted the victim. Thus, with no prejudice, defendant is not entitled to a new trial.

Defendant also contends that he was denied the effective assistance of counsel because his trial attorney did not investigate an insanity defense. "A criminal defendant is denied effective assistance of counsel by his attorney's failure to properly prepare a meritorious insanity defense." *People v Hunt*, 170 Mich App 1, 13; 427 NW2d 907 (1988). "The defendant is entitled to a new trial if this omission by counsel deprives him of a reasonably likely chance for acquittal." *Id*. Defendant relies on his and his sister's assertions in the presentence investigation report that he suffers from bi-polar disorder and schizophrenia. Even assuming that these assertions are true, there is nothing in the record to suggest that his trial counsel was aware defendant had these conditions or that counsel should have been aware of them. There was nothing in the facts surrounding this case that would make one think that a legal insanity defense might be appropriate. See MCL 768.21a(1) (providing that having a mental illness or intellectual disability "does not otherwise constitute a defense of legal insanity" because the illness or disability must have made the defendant unable "either to appreciate the nature and quality or the

---

[2] The medical records show in one instance, without naming the perpetrator, that the victim "believe[d] he was hit in the head, likely to the forehead with a bat or a rod." In another instance, the victim admitted that he was "assaulted with a baseball bat outside a bar." Another portion indicated that the victim was assaulted as he "[w]as leaving store after buying alcohol." And in yet another instance, the victim reported that "he was on his front porch when he was approached by an unknown male individual," who struck him. These accounts were contradicted by the victim's testimony, where he identified defendant as the perpetrator. Further, a police officer testified that when she responded to the call to the victim's house, the victim was bloodied and provided defendant's name as the assailant and his description. Thus, while the discrepancies in the reports to the medical personnel are striking, the victim's testimony was consistent with the officer's testimony and defendant's later admissions.

[3] Additionally, defendant wrote a letter to the court before trial, in which he admitted that he punched the victim.

wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law"). Further, there was evidence that defendant was drinking at the time of the incident, and any bizarre behavior could have been solely attributed to him being under the influence of alcohol, which would preclude any insanity defense. See MCL 768.21a(2). As a result, defendant has not overcome the heavy burden of showing how trial counsel's performance fell below an objective level of reasonableness. Moreover, there is nothing in the record to show, had defense counsel evaluated defendant for legal insanity, that the result of the evaluation would have been favorable to defendant.

Defendant further avers that he was denied the effective assistance of counsel when his trial attorney failed to raise the defense of self-defense. However, there is no evidence in the lower court record to show that the victim was the aggressor. See *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010) (stating that only "[o]ne who is not the aggressor" can utilize the defense of self-defense). Furthermore, defendant has submitted two written statements—one to the trial court and one to this Court—that give differing versions of the circumstances of the incident. In one writing, defendant claims that the victim tried to "corrupt" his life by "forcing" him to sniff cocaine. He continues, "I told him no but he threatened me and said he would get me locked up forever and also attempted to kill me!!!" That, according to defendant's first version of events, is why he struck the victim. In the second writing, defendant claims that the victim initially had the victim's girlfriend in a headlock and when he tried to do the same to defendant, he struck him in the face. Given defendant's inability to provide a consistent version of what occurred, trial counsel cannot be faulted for believing that a self-defense argument would be futile. Defendant therefore has failed to demonstrate that his counsel's representation fell below "an objective standard of reasonableness under prevailing professional norms," and that there is a "reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Strickland*, 466 US at 688. Accordingly, defendant is not entitled to a new trial.

Affirmed.


/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien